UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ANTHONY M. VETRANO,

                    Plaintiff,

                                                          **MEMORANDUM
                                                           AND ORDER**

                                                          CV 15-3185 (JS) (AKT)
          - against -

THE CBE GROUP, INC.,

                    Defendant.
---------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.     P<span>RELIMINARY</span> S<span>TATEMENT</span>

          Plaintiff Anthony M. Vetrano ("Plaintiff" or "Vetrano") brings the instant action against

Defendant The CBE Group, Inc. ("Defendant" or "CBE") alleging violations arising under the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and New York General

Business Law ("GBL") § 349. *See generally* Complaint ("Compl.") [DE 1]. Presently before

the Court is Plaintiff's motion to amend the Complaint. *See* DE 20. Judge Seybert referred

Plaintiff's motion to this Court for a decision as to whether the motion should be granted.

*See* DE 25. For the reasons set forth below, Plaintiff's motion to amend is GRANTED, in part,

and DENIED, in part.

## II.  BACKGROUND

### A.  The Proposed Amended Complaint[1]

The following information has been taken directly from Plaintiff's Proposed Amended Complaint.  All facts alleged by the Plaintiff are assumed to be true for purposes of deciding the motion to amend and are construed in a light most favorable to the Plaintiff as the moving party. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009); *Matthews v. City of N.Y.*, 889 F. Supp. 2d 418, 425 (E.D.N.Y. 2012); *Alkhatib v. New York Motor Group, LLC*, No. CV 13-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) (quoting *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014)) (noting that the Court "is required to accept the material facts alleged in the amended [pleading] as true and draw reasonable inferences in the [movant's] favor").

Plaintiff, an individual residing in the State of New York, is a "consumer" as that term is defined by the FDCPA since he is "allegedly obligated to pay a debt."  Amend. Compl. ¶¶ 5-6.[2] Defendant, an entity with its principal place of business in Cedar Falls, Iowa is a "debt collector" within the meaning of the FDCPA since it is primarily engaged in "a business the principal purpose of which is the collection of debts" and because it "uses an instrumentality of interstate commerce or the mails" in order to engage in the direct or indirect collection of debts.  *Id.* ¶¶ 7-

---

[1]     The claims set forth in Plaintiff's Proposed Amended Complaint ("Am. Compl.") [DE 21-1] are based upon alleged violations of different statutory sections of the FDCPA than those claims enumerated in the initial Complaint [DE 1].  *Compare* Compl. *with* Am. Compl. Further, Plaintiff has abandoned his GBL § 349 claim.  *Id.*  As such, the Court dispenses with a recitation of the facts as alleged in the initial Complaint.

[2]     The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3)

9.[3]  At some point prior to the filing of the instant action, Plaintiff incurred a debt that was

primarily for "personal, family or household purposes."  *Id*. ¶ 10.  In addition, Plaintiff fell

"behind on payments allegedly owed. . . ."  *Id*. ¶ 11.  Thereafter, Plaintiff's debt was "assigned or

otherwise transferred to Defendant for collection."  *Id*. ¶ 12.  As part of its efforts to collect the

debt, Defendant sent Plaintiff a letter on November 11, 2014 which, in addition to the statutorily

required validation notice, contained the following language:  (1) "Forward written disputes to:

Po Box 2635, Waterloo, IA 50704-2635;" and (2) "Call us at (800) 348-3304 to discuss paying

with a check by phone, credit card or debit card."  Am. Comp., Ex. 1.  The thrust of Plaintiff's

motion is that "the language concerning written disputes, and the provision of a phone number

only to arrange for payment overshadows [and]. . . contradicts . . . the required 15 U.S.C.

§ 1692g(3) statement" and would "lead the least sophisticated consumer to believe that her

dispute must be in writing."  Am. Compl. ¶¶ 26-33.  In short, Plaintiff asserts that the November

11, 2014 letter overshadowed and contradicted the validation notice "in that it would make the

least sophisticated consumer uncertain or confused as to her right to dispute the debt by

something other than in writing."  *Id*. ¶¶ 38-39.  In addition, Plaintiff alleges that the collection

letter violated Section 1692e because it was "reasonably susceptible to an inaccurate reading

---

[3]     The term "debt collector" means "any person who uses any instrumentality of interstate
commerce or the mails in any business the principal purpose of which is the collection of any
debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or
asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the
last sentence of this paragraph, the term includes any creditor who, in the process of collecting
his own debts, uses any name other than his own which would indicate that a third person is
collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title,
such term also includes any person who uses any instrumentality of interstate commerce or the
mails in any business the principal purpose of which is the enforcement of security interests."
15 U.S.C. § 1692a(6).

concerning Plaintiff's right to dispute the debt by something other than in writing" and was thus "deceptive within the meaning of the FDCPA." *Id.* ¶¶ 41-50.

### B. Relevant Procedural History

Plaintiff filed his Complaint on June 2, 2015. DE 1. Defendant subsequently filed its Answer on July 17, 2015. The Court conducted an Initial Conference with the parties on August 3, 2015 at which time Defendant noted its intent to file a motion before Judge Seybert, pursuant to Rule 12(c), seeking judgment on the pleadings. *See* DE 13. Thereafter, on September 8, 2015, Defendant filed its Rule 12(c) motion. DE 14. The Court conducted a conference with the parties on September 17, 2015 and held the majority of discovery in abeyance in light of the Defendant's pending Rule 12(c) motion. DE 18. Subsequently, on October 20, 2015, Plaintiff filed its motion to amend the Complaint. DE 20. On November 23, 2015, Judge Seybert referred Plaintiff's motion to this Court for decision. DE 25. As part of the Referral Order, Judge Seybert terminated Defendant's Rule 12(c) motion [DE 14] but permitted Defendant to "refile its motion after Plaintiff's motion to amended is decided." *Id.* The Court now turns its attention to the instant motion.

## III. PLAINTIFF'S MOTION TO AMEND

### A. Applicable Law

#### 1. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* FED. R. CIV. P. 15(a); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991); *Barber v. Hornbeck Offshore Operators, LLC*, No. 11 Civ. 5520, 2014 WL 1010993,

at *5 (E.D.N.Y. Mar. 17, 2014); *M.E.S., Inc. v. Liberty Mut. Sur. Group*, No. 10 Civ. 2798, 2014 WL 46622, at *8 (E.D.N.Y. Jan. 6, 2014). Leave to amend is within the court's discretion. *Krupski v. Costa Crociere S. p. A.*, 130 S . Ct. 2485, 2489 (2010) (Rule 15(a) "gives a district court discretion to decide whether to grant a motion to amend a pleading before trial."); *MHANY Mgmt. v. Cty. of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012) (noting that "it is ultimately within the sound discretion of the court whether to grant leave to amend"). A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)); *Grace v. Rosenstock*, 228 F.3d 40, 56 (2d Cir. 2000) (same); *Guideone Specialty Mut. Ins. Co. v. Hapletah*, No. 05 Civ. 1401, 2006 WL 1455468, at *1 (E.D.N.Y. May 24, 2004) (Rule 15(a) "provides for a liberal amendment of pleadings."). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *MHANY Mgmt.*, 843 F. Supp. 2d at 340; *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013) (same) (citing *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).

This liberal standard only requires that the movant provide "colorable grounds" for the relief sought. *See UMG Recordings, Inc. v. Lindor*, No. CV-05-1095, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006); *Alkhatib v. New York Motor Group, LLC*, No. CV 13-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) ("If the movant has at least colorable grounds for relief, justice . . . requires that the court grant leave to amend the complaint.") (quoting *Sokolski*, 178 F.R.D. at 396); *Fiske v. Church of St. Mary of the Angels*, 802 F. Supp. 872, 877 (W.D.N.Y. 1992). However, where a proposed amendment is clearly frivolous or advances a claim that has no merit, the amendment is considered futile and will be rejected. *See UMG*, 2006 WL 3335048, at *2; *Slavin v. Benson*, 493 F. Supp. 32, 33 (S.D.N.Y. 1980). "Futility is a determination, as a

matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012); *see Lotito v. Recovery Associates Inc.*, No. 13-CV-5833, 2014 WL 4659464, at *9 (E.D.N.Y. Sept. 17, 2014); *Sodhi v. Mercedes Benz Fin. Servs., USA, LLC*, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013) ("A proposed amendment would be futile when it would not survive a 12(b)(6) motion to dismiss."); *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012). It is the opposing party who bears the burden to establish that an amendment would indeed be futile. *See Balk* 2013 WL 6990767, at *5; *Alkhatib*, 2015 WL 3507340, at *7; *Blaskiewicz v. Cty. Of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1988)).

In assessing whether the proposed amendment asserts colorable grounds for relief, a court "is required to adopt the same analysis as applied on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the [Federal Rules of Civil Procedure]." *UMG*, 2006 WL 3335048, at *2; *Balk*, 2013 WL 6990767, at *5; *Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 504, 506 (S.D.N.Y. 1992) (recognizing the general rule that in order to determine whether the amended pleading puts forth colorable grounds the court should apply the standards of Rule 12(b)(6)); *Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996). Therefore, in deciding whether an amended pleading asserts colorable claims or defenses, the Court "is required to accept the material facts alleged in the amended [pleading] as true and draw reasonable inferences in the [movant's] favor." *Alkhatib*, 2015 WL 3507340, at *7 (quoting *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014)); *see Panther Partners, Inc.*, 681 F.3d at 119 ("In assessing whether the proposed [amended] complaint states a claim, [courts] consider the proposed amendments along with the remainder of the complaint, . . . accept as true all non-

conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief.").

In performing this analysis, a court is not required to make a final determination on the merits of a proposed claim or defense, but instead, must only "satisfy itself that [the claim or defense] is colorable and not frivolous." *UMG*, 2006 WL 3335048, at *2 (quoting *T & N PLC v. Fred S. James & Co, of New York*, 1991 WL 190581, at *2 (S.D.N.Y. Sept. 16, 1991)). Therefore, the moving party "is not required to 'establish a probability it would prevail on the merits in order for the court to grant its motion to amend . . . [i]nstead . . . defendant is merely required to assert proposed amendments which are not frivolous on their face.'" *UMG*, 2006 WL 3335048, at *2 (quoting *T & N PLC*, at *2) *see UMG*, 2006 WL 3335048, at *3 (declining to address the merits of the proffered affirmative defenses on a motion to amend).

Notwithstanding the above, leave to amend a pleading may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party. . . ." *Balk*, 2013 WL 6990767, at *5; *see Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011. To determine what constitutes sufficient prejudice to warrant denial of a party's request to amend its pleading, "the Court considers whether the amendment would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiffs from bringing a timely action in another jurisdiction." *Hernandez v. Immortal Rise, Inc.*, No. 11 CV 4360, 2013 WL 1703529, at *4 (E.D.N.Y. Apr. 19, 2013) (internal quotations omitted); *see Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993); *Kirschenbaum v. Federal Ins. Co.*, 505 B.R. 126, 132 (E.D.N.Y. 2014). The party opposing the motion to amend carries the burden to

establish that one or more of the above factors would cause it substantial prejudice thus

necessating denial of the motion. *See Kirschenbaum* 505 B.R. at 132; *Alkhatib*, 2015 WL

3507340, at *7; *Golden Trade*, 143 F.R.D. at 506 ("[T]he party opposing the motion [to amend]

must demonstrate that it would be *substantially and unfairly* prejudiced by the amendment.")

(emphasis added). Further, courts have determined that time, money and effort expended in

defending a lawsuit does not rise to the necessary level of prejudice required to defeat a motion

to amend. *See Block*, 988 F.2d at 351 (noting that the time, effort and money expended fail to

rise to the level of "substantial prejudice" necessary to defeat a motion to amend); *Kirschenbaum*

505 B.R. at 132; *S.S. Silverblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.,*

*Inc.*, 608 F.2d 28, 43 (2d Cir. 1979) ("[T]he burden of undertaking discovery, which Chemical

would have shouldered had the proposed amendment been incorporated . . . hardly amounts to

prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an

adjudication of the merits.").[4]

## 2. FDCPA Legal Principles

The FDCPA "is a strict liability statute and a single violation is sufficient to establish

liability." *Gonzalez v. Healthcare Recovery Mgmt. Inc.*, No. 13-CV-1002, 2013 WL 4851709, at

*2 (E.D.N.Y. Sept. 10, 2013); *see Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133, 135 (2d

Cir. 2010); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). In order to assert a violation

of the FDCPA, a plaintiff must establish that: "(1) the plaintiff is a 'consumer' within the

---

[4] The more exacting "good cause" analysis pursuant to Rule 16(b) is not applicable in this case since Plaintiff filed its Motion to Amend by the November 2, 2015 deadline set forth in the parties' proposed scheduling order. *See* DE 12. This proposed scheduling was subsequently adopted by the Court. *See* DE 18 (noting that the Court is "adopting the discovery plan submitted by [the parties] with several modifications."); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (holding that the more exacting "good cause" standard under Rule 16(b) versus the more lenient standard under Rule 15(a) applies where a motion to amend a pleading is sought after the deadline stated in the court's published scheduling order).

meaning of the Act; (2) the defendant is a 'debt collector;' and (3) the defendant must have engaged in conduct in violation of the statute." *Coburn v. P.N. Fin.*, No. 13-CV-1006, 2015 WL 520346, at *3 (E.D.N.Y. Feb. 9, 2015) (citing *Katz v. Sharinn & Lipshie*, No. 12-CV-2440, 2013 WL 4883474, at *1 (E.D.N.Y. Sep. 11, 2013)); *see Barshay v. Specified Credit Assocs. I, Inc.*, No. CV 15-1044, 2016 WL 3578993, at *2 (E.D.N.Y. Jun. 3, 2016).

In determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008); *Sorel v. Capital One Servs., LLC*, No. 3:11-CV-703, 2012 WL 3596487, at *4 (D. Conn. Aug. 20, 2012); *see Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007); *Clomon*, 988 F.2d at 1318 (Section 1692e); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 300 (E.D.N.Y. 2005) (Section 1692g); *Turner v. Asset Acceptance, LLC*, 302 F. Supp. 2d 56, 58 (E.D.N.Y. 2004) (Section 1692e); *Chavez v. MCS Claim Servs., Inc.*, No. 15-CV-3160, 2016 WL 1171586 (E.D.N.Y. Mar. 23, 2016) ("The critical question is therefore whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message.") (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). In applying the "least sophisticated consumer standard," courts are required to "determine how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Dewees*, 506 F. Supp. at 132; *see Sparkman*, 374 F. Supp. 2d at 300. Thus, in dispatching its obligation, "[t]he court must analyze 'collection letters from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences.'" *Dewees*, 506 F. Supp. at 132 (quoting *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005)) ("The least

sophisticated consumer standard therefore ensures the protection of all consumers, but also protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.") (internal quotation omitted); *see Daly v. Capital Mgmt. Servs., LP*, No. 15-CV-364, 2015 WL 4662759, at *3 (W.D.N.Y. Aug. 6, 2015) (noting that "courts are cautioned to apply the least sophisticated consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices") (internal quotation omitted); *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012); *Clomon*, 988 F.2d at 1319. "[T]he Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one." *Berger v. Suburban Credit Corp.*, No. 04 CV 4006, 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) (citing *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237–38 (2d Cir. 1998)); *Sorel*, 2012 WL 3596487, at *4; *Quinteros v. MBI Associates, Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) ("because the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law") (quoting *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)); *see also Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 256 (E.D.N.Y. 2013) ("Although courts are divided on whether [a] breach of the least sophisticated consumer standard is a question of law or fact, the trend in the Second Circuit is to treat this question as a matter of law that can be resolved on a motion to dismiss.") (internal citation omitted); *Vega v. Credit Bureau Enterprises*, No. CIV A02 CV1550, 2005 WL 711657, at *9 (E.D.N.Y. Mar. 29, 2005) (noting that the least sophisticated consumer standard is a question of law that could be decided in the context of a Rule 12(c) motion and recognizing

that "how the least sophisticated consumer would interpret the defendant's form debt collection letter can be determined without the aid of expert testimony at trial.").

## B. Application to the Facts

### 1. Futility

There is no dispute that the Amended Complaint satisfies the first two elements needed to state a claim arising under the FDCPA — that is, Plaintiff is a consumer and Defendant is a debt collector within the meaning of the FDCPA. *See* Am. Compl. ¶¶ 5-15 (noting that Plaintiff is a natural person alleged to have owed a debt and that Defendant "is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another") (quoting 15 U.S.C. § 1692a(6)). As such, the Court turns its attention to whether Plaintiff's amended claims are futile, namely, whether they fail to state the elements of a violation of the FDCPA.

### a. Counts One & Two: Violations of 15 U.S.C. § 1692g

Section 1692g of the FDCPA sets forth certain information that a debt collector must convey in writing to a debtor when attempting to collect a debt. Specifically, this section provides that

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.  However, although communicating the above language to a debtor is necessary to comply with the statute, it does not follow that the provision of such language is in all cases sufficient to insulate a debt collector from liability.  "[E]ven if the debt collector's notice contains all the information required by statute, it will still violate Section 1692g if the letter also contains language that overshadows or contradicts other language informing a consumer of her rights."  *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 190 (2d Cir. 2002) (internal citation omitted); *see Vega*, 2005 WL 711657, at *6 ("Simply including the mandated validation notice in a debt collection letter is not enough to ensure compliance with the FDCPA.  The validation notice must be clearly conveyed.  Therefore, if the debt collector includes other language that overshadows or contradicts the validation notice to the extent that it renders the notice ineffective, the debt collector violates § 1692g as a matter of law."); *Lotito*, 2014 WL 4659464, at *4 (citing cases).  As such, where a debt collector's notice is conveyed in an ambiguous fashion such that it would "make the least sophisticated consumer uncertain as to her rights," that notice will be in violation of Section 1692g.  *McStay*, 308 F.3d at 190; *see DeSantis*, 269 F.3d at 161 ("Even if a debt collector conveys the required information, the collector

nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.").

When analyzing whether statements overshadow or are inconsistent with the validation notice required pursuant to Section 1692g, courts apply the "least sophisticated consumer" standard. *Lotito*, 2014 WL 4659464, at *4; *see Lerner v. Forster*, 240 F. Supp. 2d 233, 237 (E.D.N.Y. 2003) (applying the least sophisticated consumer standard to analyze alleged violation of Section 1692g). The standard focuses on the hypothetical least sophisticated consumer and thus "pays no attention to the circumstances of the particular debtor in question." *Lotito*, 2014 WL 4659464, at *4 (quoting *Easterling*, 692 F.3d at 234); *see also Jacobson*, 516 F.3d at 91 ("[I]n order to prevail [on an FDCPA claim], it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused."). Thus, the standard is objective and is treated as a question of law to be decided by the court. *Lotito*, 2014 WL 4659464, at *5; *see Castro*, 959 F. Supp. 2d at 707; *see, e.g.*, *Russell*, 74 F.3d at 33 (finding that questions of whether language in collection notices violated 15 U.S.C. §§ 1692g and 1692e(10) presented "[o]nly legal issues"); *Vu v. Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 361 (E.D.N.Y. 2013) (finding that the issue of whether language in a collection letter overshadowed a validation notice was a question of law); *Diaz*, 965 F. Supp. 2d at 256 (recognizing that "the trend in the Second Circuit is to treat th[e] question [of whether a collection letter violates Section 1692g of the FDCPA as a matter of law that can be resolved on a motion to dismiss.").

In the instant case, "the gravamen of Plaintiff's Amended Complaint is the language [set forth in the collection letter] concerning written disputes, and the provision of a phone number only to arrange for payment, when viewed from the perspective of the 'least sophisticated

consumer,' overshadows and contradicts the required § 1692g(a)(3) statement. . . ."
Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend Complaint ("Pl.'s
Mem.") at 3; *see* Am. Compl. ¶¶ 26-33. Specifically, Plaintiff posits two distinct theories —
based upon two phrases in the November 14, 2014 letter — upon which liability may be
predicated: (1) that the phrase "Call us at (800) 348-3304 to discuss paying with a check by
phone, credit card or debit card" overshadows and contradicts the validation notice; and (2) the
phrase "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635" likewise
overshadows and contradicts the validation notice and would "lead the least sophisticated
consumer to believe that [a] dispute must be in writing." Am. Compl. ¶¶ 26-33.

Turning first to the phrase "Call us at (800) 348-3304 to discuss paying with a check by
phone, credit card or debit card," Am. Compl, Ex. 1, the Court points out that there is a
distinction on the one hand between resolving a debt and on the other hand in disputing the same
debt. *See Lerner*, 240 F. Supp. 2d at 238. Therefore, "[i]t does not follow that simply because a
collection letter instructs a consumer to contact a debt collector that the validation notice is
necessarily overshadowed or contradicted." *Id*. (finding that where debt collection letter did not
demand payment and "simply advise[d] Plaintiff that she has the option to either contact the
creditor for payment arrangements or, if she wants to dispute the debt, Plaintiff may refer to the
validation notice," the language did not violate Section 1692g); *see Shapiro v. Dun & Bradstreet
Receivable Mgmt. Servs., Inc.*, 59 Fed. App'x 406, 408 (2d Cir. 2003) (letter instructing the
consumer to contact creditor for payment purposes or with questions about the account or contact
debt collector to dispute the debt did not overshadow or contradict the validation notice); *Wyler
v. Computer Credit, Inc.*, 2006 WL 2299413, at *10 (E.D.N.Y. Mar. 3, 2006) (language in the
letter advising the debtor to contact the creditor by phone to "discuss your specific situation" did

not contradict the language of the validation notice which advised the debtor to "dispute" the debt in writing to the debt collector); *see also Harrison*, 968 F. Supp. at 848 (noting that "language designed to encourage payment of the debt does not, in and of itself, overshadow a validation notice") (quoting *Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 170 (D. Del. 1991)); *Kolganov v. Phillips & Cohen Associates, Ltd.*, No. CV-02-3710, 2004 WL 958028, at *4 (E.D.N.Y. Apr. 8, 2004) (finding no FDCPA violation where "the first paragraph's language regarding resolution of the debt does not overshadow or contradict the fourth paragraph's instructions regarding the right to dispute the debt."); *Soffer v. Nationwide Recovery Sys., Inc.*, No. 06-CV-435, 2007 WL 1175073, at *5 (E.D.N.Y. Apr. 19, 2007) (finding that where "settlement offer was clearly distinguishable from the validation notice, the settlement offer did not overshadow or contradict the validation notice") (internal quotation and citation omitted).

The phrase in the November 14, 2014 letter stating "Call us at (800) 348-3304 to discuss paying with a check by phone, credit card or debit card" is "clearly distinguishable," *see Soffer*, 2007 WL 1175073, at *5, from the validation notice in the collection letter. A review of the letter reveals that the challenged language is contained in an entirely separate and distinct portion of the letter under the heading "payment can be made as follows" (emphasis omitted) and thus does not otherwise reference or interfere with the validation notice itself contained in a separate section of the letter. Further, although Plaintiff claims that the phrase is problematic because it does not also include language to the effect that the telephone number could be used to dispute the debt, such an omission is not sufficient to sustain a cause of action under Section 1692g. The reason for that conclusion is that the absence of this additional language does not itself overshadow or contradict the validation notice included in the letter which clearly advises Plaintiff of his right to dispute the validity of the debt. *See* Am. Compl. ¶ 27, Ex. 1. In short,

despite Plaintiff's assertion that the phrase "Call us at (800) 348-3304 to discuss paying with a check by phone, credit card or debit card" did not also explicitly advise the debtor that he could use the same telephone number to dispute the debt, such language did not overshadow the validation notice nor would it lead the least sophisticated consumer to be confused or uncertain as to his right to dispute the debt which is clearly set forth in the validation notice itself. *See Lerner*, 240 F. Supp. 2d at 238; *Wyler*, 2006 WL 2299413, at *10; *Harrison v. NBD Inc.*, 968 F. Supp. 837, 848.

In support of this theory, Plaintiff relies primarily on the cases of *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270 (E.D.N.Y. 2014) and *Lotito v. Recovery Associates Inc.*, No. 13-CV-5833, 2014 WL 4659464, at *9 (E.D.N.Y. Sept. 17, 2014). Pl.'s Mem. at 3; Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Leave to File a First Amended Complaint (Pl.'s Reply") at 7-8. Plaintiff asserts that these cases stand for the sweeping proposition that "even where a debt collector includes an accurate § 1692g(a)(3) statement and does not explicitly state that disputes must be in writing, such debt collectors nonetheless violate the FDCPA where other language in the letter examined from the perspective of the least sophisticated consumer could have overshadowed or contradicted the § 1692g(a)(3) statement." Pl.'s Reply at 8 (internal citation omitted). Notwithstanding Plaintiff's overly broad reading of these cases, the Court finds, after conducting its own review, that each case stands for a narrower holding that does not provide direct support for Plaintiff's theory.

In *Abramov*, in the context of a motion to dismiss, the Court reviewed a debt collection letter which, in addition to the mandatory Section 1692g validation notice, also included the following statement: "If you feel you are or have been a victim of Theft of Identity, please follow the instructions above to dispute the debt to us *in writing* within 30 days of this notice and

please call AT & T at 1–866–718–2011." *Abramov*, 54 F. Supp. 3d at 277 (emphasis in original). After analyzing this language in conjunction with the validation notice, the court found in *Abramov* that

> the directive to the consumer debtor to dispute the debt "in writing" in the event of suspected identity [theft]—examined from the perspective of the "least sophisticated consumer"—could have "overshadowed" or "contradicted" the first sentence of the first cited paragraph, which properly indicated that a writing is not necessary to dispute an underlying debt, or been "misleading" with respect to that sentence. In other words, had the communication omitted the words "in writing" in the second paragraph, the Court would find, as a matter of law, that the communication complied with Section 1692g(a).

*Id*. In addition, the court explicitly noted it was "not persuaded that the directive to call the creditor, AT & T, 'overshadowed' or 'contradicted' the first paragraph or was 'misleading' with respect to that paragraph, in violation of the FDCPA." *Id*. As such, plaintiff was precluded from pursuing the theory that the letter overshadowed or contradicted the validation notice or was otherwise misleading "on the basis that the directive to call the creditor in the event of suspected identity theft leaves the consumer debtor unsure as to whether disputing an alleged debt requires contacting the debt collector or creditor." *Id*. at 278.

In *Lotito*, the court was confronted with a follow-up debt collection letter that included the following language which Plaintiff alleged violated the FDCPA: "Be advised that should you not dispute this matter in writing within 30 days of our first communication to you, we will assume that our information is correct and proceed accordingly." *Lotito*, 2014 WL 4659464, at *1. In analyzing this language in the context of a Section 1692e violation, the court held that "[s]ince the challenged language in the June letter can reasonably be interpreted by the least sophisticated consumer as representing, incorrectly, that a debt dispute must be made in writing, the June letter violates Section 1692e of the FDCPA as a matter of law. *Id*. at *8.

In sum, neither *Abramov* nor *Lotito* holds that language in a debt collection letter which provides a debtor with a phone number to contact the debt collector with regard to making a payment contradicts or overshadows a proper Section 1692g validation notice. To the contrary, both of these cases hold that the contradiction and overshadowing which occurred was based upon additional language in the collection letters which attempted to mandate an "in writing" requirement to properly dispute a debt where no such requirement existed and thus would confuse or mislead the least sophisticated consumer. *See Lotito*, 2014 WL 4659464, at *8; *Abramov*, 54 F. Supp. 3d at 277. In light of the foregoing discussion, Plaintiff's proposed amendment claiming this challenged language violates Section 1692g is futile.

Turning next to Plaintiff's second theory, namely, that the phrase "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635" overshadows and contradicts the validation notice and would "lead the least sophisticated consumer to believe that [a] dispute must be in writing," Am. Compl. ¶¶ 26-33, presents a closer question. As stated above, where additional language in a collection letter overshadows or contradicts the validation notice, the letter will violate the FDCPA. *See Vega*, 2005 WL 711657, at *6 ("Simply including the mandated validation notice in a debt collection letter is not enough to ensure compliance with the FDCPA. The validation notice must be clearly conveyed. Therefore, if the debt collector includes other language that overshadows or contradicts the validation notice to the extent that it renders the notice ineffective, the debt collector violates § 1692g as a matter of law."). Further, where a collection letter includes language ostensibly creating an "in writing" requirement to dispute a debt, courts have found that such statements overshadow or contradict an otherwise compliant Section 1692g validation notice. *See Lotito*, 2014 WL 4659464, at *8; *Abramov*, 54 F. Supp. 3d at 277; *Vega*, 2005 WL 711657, at *10 ("defendant violated FDCPA because the words 'in

writing' in its form debt collection letter overshadowed or contradicted the validation notice");

*Diaz*, 965 F. Supp. 2d at 259 (internal citation omitted) (alteration in original) (finding that collection letter which included the language "[y]ou may notify RCS in writing within thirty days of receipt of this letter that the debt or any portion of the debt is disputed" . . . "would violate the FDCPA if it is determined that it conveys [the statutorily required] information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.").

The November 14, 2014 letter at issue in the instant case contains the language "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635," followed by the statutorily required validation notice which is communicated to the debtor in boldface type. *See* Am. Compl., Ex. 1. Defendant maintains that this phrase "merely provides an address where written disputes may be sent. Nothing in this phrase states, or even implies, that a consumer does not have a right to dispute a debt orally." Reply Memorandum of Law in Further Support of Defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c), and in Opposition to Plaintiff's Motion to Amend his Complaint ("Def.'s Opp'n") at 7. In addition, Defendant states that when this statement is read in conjunction with the requisite validation notice "the only reasonable interpretation . . . is that a consumer, when deciding to dispute the debt in writing . . . should forward the dispute to the address provided." *Id*.

After reviewing the collection letter, the Court is not persuaded by Defendant's argument. It is true that the phrase "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635" does not explicitly state that a consumer may only submit disputes in writing. However, that is not the end of the issue. Directly below this phrase is the validation notice which begins with the language "[u]nless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is

valid." Am. Comp., Ex. 1.  In reading these phrases together, it is apparent that they are susceptible to alternative interpretations when viewed from the perspective of the least sophisticated consumer.  Specifically, when read together, these phrases could mean (1) that written disputes are to be forwarded to the address listed in the letter and that in the event the consumer seeks to dispute the debt, he or she may do so by notifying the debt collector within thirty days of receiving the notice; or (2) that in order to dispute the debt the consumer is required to submit a "written dispute" to the address indicated within thirty days from receipt of the collection letter.  Because the language "written disputes" as used in the challenged phrase has the potential to overshadow or contradict the information contained within the Section 1692g notice and thereby confuse or mislead the least sophisticated consumer into erroneously believing that a dispute must be in writing, the Plaintiff has stated a valid cause of action under this theory of recovery.  Put another way, the Court at this juncture cannot say that, as a matter of law, the phrase "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635" as written and when read in conjunction with the first sentence of the validation notice did not violate the FDCPA when viewed from the perspective of the least sophisticated consumer.

Defendant attempts to distinguish Plaintiff's reliance on *Abramov* and *Lotito* on the basis that those cases "attach [ ] a writing requirement in contradicting the 1692g disclosure[.]"  Although the letter in the instant case does not include the same explicit "in writing" requirement as the letters at issue in *Abramov* and *Lotito*, the language "written disputes" in the challenged phrase could still potentially mislead the least sophisticated consumer when that language is read in context with the first sentence of the validation notice.  Although Defendant may ultimately prevail on the merits, the Court's sole function at this stage, similar to its function when analyzing a motion to dismiss, is to "satisfy itself that [the claim or defense] is colorable and not

frivolous." *UMG*, 2006 WL 3335048, at *2. As such, at this point in the litigation, the Court is not concerned with the merits and Plaintiff is not required to "establish a probability it would prevail on the merits in order for the court to grant its motion to amend." *Id.* Thus, the Court finds that Plaintiff should be permitted to amend his Complaint to state a cause of action under Section 1692g based upon his claim that the phrase "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635" overshadows and contradicts the validation notice.

### b. Count Three: Violation of 15 U.S.C. § 1692e

Section 1692e states, in part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This section sets forth a non-exclusive list of actions that are deemed false, deceptive or misleading and thus run afoul of the statute. *Id.* (noting that "[w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section. . . ."). "In determining whether a collection letter violates Section 1692e . . . , courts apply an objective standard based on the "least sophisticated consumer." *Dewees*, 506 F. Supp. 2d at 132; *see Clomon*, 988 F.2d at 1318 (Section 1692e); *Turner*, 302 F. Supp. 2d at 58 (Section 1692e).

When engaging in a Section 1692e analysis, "several . . . circuit courts, as well as a number of district courts in this Circuit, read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt." *Gabriele v. American Home Mortgage Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. Nov. 27, 2012) (summary order) (citing cases); *see also Vu*, 293 F.R.D. at 360 ("Some courts have incorporated a materiality prong into th[e] analysis" under Section 1692e); *Castro*, 959 F. Supp. 2d at 710 (accord); *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013) ("Many courts have read a materiality requirement into § 1692e . . . The Second Circuit has not

made an analogous pronouncement, but it did cite . . . cases with apparent approval in a recent summary order. [citing *Gabriele*, 503 F. App'x at 94] . . . While *Gabriele* is not binding precedent, the Court agrees that only material misrepresentations are actionable under the FDCPA."); *Abramov*, 54 F. Supp. 3d at 278. "Thus, in determining whether a plaintiff has stated a claim under § 1692e of the FDCPA, courts have considered whether the false representations rest on material misrepresentations." *Castro*, 959 F. Supp. 2d at 710 (quotations and citation omitted); *see also Sussman v. I.C. System, Inc.*, 928 F. Supp. 2d 784, 795 (S.D.N.Y. 2013). "[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Gabriele*, 503 F. App'x at 94; *see also Fritz*, 955 F. Supp. 2d at 170; *Sussman*, 928 F. Supp. 2d at 795. Although "debt collection practices that are contradictory, vague, or threatening create FDCPA liability as well[,]" *Gabriele*, 503 F. App'x at 95; *see also Sussman*, 928 F. Supp. 2d at 795, "mere technical falsehoods that misle[a]d no one" are insufficient to impose liability under Section 1692e. *Gabriele*, 503 F. App'x at 95 (alteration omitted) (quoting *Donohue v. QuickCollect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

The *gravamen* of Plaintiff's Section 1692e claim is that the collection letter at issue here was deceptive or misleading when viewed from the perspective of the least sophisticated consumer because it "was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing. . . ." Am. Compl. ¶¶ 41-50. As stated above, alleged violations of Section 1692e, similar to its Section 1692g counterpart, are analyzed pursuant to the least sophisticated consumer standard. *See Lotito*, 2014 WL 4659464, at *7 (recognizing that "courts apply an objective test based on the understanding of the least sophisticated consumer in determining whether a collection letter violates section 1692e")

(internal citation omitted).  Thus, "[t]he operative inquiry under Section 1692e is whether the hypothetical least sophisticated consumer could reasonably interpret the challenged statement[s] in the [collection] letter to represent, incorrectly, that a debt dispute must be made in writing. *See, e.g.*, *Easterling*, 692 F.3d at 233 ("collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate").  This Court finds that in light of its prior analysis in the context of Section 1692g, *see* Section III. B. 1. a. *supra*, which is equally applicable when analyzing a Section 1692e violation, *see Lotito*, 2014 WL 4659464, at *7; *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *Easterling*, 692 F.3d at 233, that the language "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635" could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing.  The Court further finds that such a misrepresentation is material since it "could impede the consumer's ability to respond to or dispute collection." *Lotito*, 2014 WL 4659464, at *8 n. 4 (quoting *Gabriele*, 503 F. App'x at 94; *see Abramov*, 54 F. Supp. 3d at 278 (applying materiality standard and finding that "Plaintiff has adequately alleged that the language [in the collection letter] could easily mislead the least sophisticated consumer about whether disputing the debt requires an oral or written communication, and, therefore, could impede the consumer's ability to respond.").

However, similar to its finding under Section 1692g, and for the reasons stated in Section III. B. 1. a. *supra*,  the Court does not find that the language stating "Call us at (800) 348-3304 to discuss paying with a check by phone, credit card or debit card" would deceive or mislead the least sophisticated consumer when read within the context of the entire collection letter. *See McStay*, 308 F.3d at 191 (noting that debt collection letter should be read and interpreted in its entirety); *Shami v. Nat'l Enter. Sys.*, 914 F. Supp. 2d 353, 360 (E.D.N.Y. 2012) ([A]lthough

"[d]eceptiveness, includes the creation of ambiguity . . . , a consumer is presumed to have read a letter in its entirety.  Where one of several sentences in a letter might be construed as misleading, but the subsequent sentences unequivocally remove or clarify the ambiguity there is no violation of the FDCPA.").  As such, Plaintiff's proposed amendment claiming this challenged language violates Section 1692e is futile.

### 2. Prejudice

Notwithstanding the above futility analysis, leave to amend a pleading may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party. . . ."  *Balk*, 2013 WL 6990767, at *5; *see Williams*, 659 F.3d at 213-14.  To determine what constitutes sufficient prejudice to warrant denial of a party's request to amend its pleading, "the Court considers whether the amendment would:  (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiffs from bringing a timely action in another jurisdiction."  *Hernandez*, 2013 WL 1703529, at *4.  The party opposing the motion to amend carries the burden to establish that one or more of the above factors would cause it substantial prejudice, thus necessitating denial of the motion.  *See Kirschenbaum* 505 B.R. at 132; *Alkhatib*, 2015 WL 3507340, at *7; *Golden Trade*, 143 F.R.D. at 506.

Defendant has not asserted any arguments that address the issue of prejudice.  Since it is the Defendant's burden to establish prejudice as the party opposing the motion and as the Defendant has failed to interpose any such arguments, the Court finds no prejudice inherent in permitting Plaintiff to amend his Complaint.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the Complaint is GRANTED, in part, and DENIED, in part, in accordance with this Memorandum and Order.  Plaintiff is directed to serve and file his Amended Complaint within ten (10) days.


                                        **SO ORDERED.**

Dated:  Central Islip, New York
        August 1, 2016

                                        /s/ A. Kathleen Tomlinson
                                        A. KATHLEEN TOMLINSON
                                        U.S. Magistrate Judge